Bradbury, J.
The decision of this case depends upon the nature of the liability incurred by one who collects and maintains upon his premises a substance liable to escape and injure others.
The petition discloses that the Water* Company had erected on its own premises a large iron tank, or stand pipe, about twenty feet in diameter and one hundred and forty feet high, which it maintained full of water, for the purpose of supplying its customers, the city of Defiance, and its inhabitants. That it owned a dwelling house situated within fifty yards of the stand pipe which was occupied by one John Gillum as a residence, who .is conceded to have been a servant of the Water Company. That the defendant in error was the mother-in-law of said Gillum, and on the day of the accident was at said dwelling house as his invited guest. That the stand pipe had been negligently constructed and prior to the accident had become cracked and weakened to the knowledge of the Waterworks Company, and that they negligently permitted ice to form, and sand, earth and dirt to accumulate therein, and that by reason of its defective construction this accumulation of ice, sand, etc., and its cracked and weakened condition, so negligently permitted, the stand pipe fell, whereby the water escaped therefrom with such force as to crush said residence and overwhelm the defendaut in error, causing the injuries to her person of which she complained.
Do these facts constitute a cause of action?
*537 That the fall of the stand pipe and the resulting rush of its waters by which the defendant in error was overwhelmed and injured, was due to the negligence of the plaintiff in error is admitted by the demurrer to the petition. She was at the dwelling house of her son-in-law, as the guest of himself or family, as she had a lawful right to be, and while such guest, without the slightest fault chargeable to her in connection with the accident, sustained injuries attributive solely to the wrongful conduct of the plaintiff in error. If under these circumstances she cannot recover for those injuries, it .is because the plaintiff in error owed her no duty in this connection.
. The terms as to rent, or otherwise, upon which the dwelling house was occupied do not appear. Gillum, the servant of the company, may have been a mere tenant at will, occupying it as part of the consideration he was receiving for his services, the latter being determinable at the pleasure of either party. Whether this supposition ■ accords with the facts, or whether he was occupying it for a definite period at a fixed rental is not material, in either case it was in his possession and occupied by him as a family residence. Whatever might be the character or duration of his title, it was within the principle of those rules of law which protect a proprietor against injuries caused by acts committed on adjoining premises. His rights may not have been as extensive and valuable as those of an owner in fee, but such rights as he possessed were entitled to protection. These protective principles enfold persons and personal property as well as real estate. To collect and maintain upon one’s premises, substances likely to do mischief, if they escape, menaces *538 persons and personal property in the vicinity equally with the real estate. And such persons or personal property when rightfully there, should be equally protected.
The defendant in error was the guest of the occupant of the dwelling house; it was his privilege to expressly or impliedly invite her, and she had a right to accept the invitation; Being rightfully there, as the guest of the occupant of the dwelling house that was overwhelmed with escaping water, we think her rights in this connection equal to his rights.
This brings us to the consideration of the question of the liability of one who, for his own purposes, collects upon his premises a substance likely-to injure others in case it escapes.
The principle upon which liability rests in such case,is quite unlike that which determines the liability of one who leaves, unguarded, excavations, upon his own lands, or one who negligently constructs a building, so that it falls upon his own premises. In these latter eases no one can be injured unless he comes upon the premises. If he remains away he is safe. In the former, the danger arises from the natural tendency of the things to escape from the premises where stored, together with the likelihood of its doing injury if it does escape therefrom. In England it seems to be.settled by Fletcher v. Rylands, 1 Law Rep. Excheq., that the duty rests upon one who collects and stores upon his premises inanimate substances or animate things from the escape of which injury is likely to follow, to prevent such escape. While this duty may not extend to trespassers, or those who, for their own purposes, without express or implied invitation from the proprieter, chose to *539 come upon the premises, yet that casq (Fletcher v. Rylands, supra) should be regarded as extending this duty to all persons who may be rightfully on adjoining premises. Blackburn, J., in the course of an able opinion and speaking for the whole court, used the following language: “We think the true rule of law is, that the person who, for his own purposes, brings on his land and collects and keeps there anything likely to do mischief if it escapes, must keep it in at his peril, .and, if he does not do so, is prima facie answerable for all the damage -which is the natural consequence of its escape. He can excuse himself by showing that the escape was owing to the plaintiff’s default; or perhaps that the escape was the consequence of a vis major, or the act of God.” * * * “The general rule, as above stated, seems on principle just. The person whose grass or corn is eaten down by the escaping cattle of his neighbor, or whose mine is flooded by the water from his neighbor’s reservoir, or whose cellar is invaded by the filth of his neighbor’s privy, or whose habitation is made unhealthy by the fumes and noisesome vapors of his neighbor’s alkali works is damnified without any fault of his own, and it seems but reasonable and just that the neighbor who has brought something on his own property which was not naturally there, harmless to others' so long as it is confined to his own property, but which he knows to be mischievous if it gets on his neighbor’s, should be obliged to make good the damage which ensues if he does not succeed in confining it to his own property. But for his act in bringing it there no mischief may accrue, and it seems but just that he should, at his peril keep it there, so that no mischief may accrue, or answer for the natural and anticipated conse *540 quences. And upon authority, this, we think, is established to be the law, whether the things so brought be beasts,or water, or filth, or stenches.”
This doctrine would seem to be in exact accord with justice and sound reason, but in the case before us we are. not required to apply it to its full extent, because the defendant in error, in her amended petition, expressly avers negligence in the construction of the stand pipe, as well as a knowledge that it had afterward cracked and become weakened, a negligent failure to make repairs, and that the accident which caused her injuries was the direct result of such negligence.
Therefore, whether or not she could recover, in the absence of negligence, on the part of the water company in storing the water does not concern us at this time, for however that may be, certainly one who, like defendant in error, is rightfully on premises adjoining those upon which such substances are stored and is injured by their escape, should, upon the plainest principle of natural justice, recover from the proprietor storing the same, damages for such injury, where the escape was caused by negligence.

Judgment affirmed.